Filed 8/25/20  P. v. Carrasco CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LETICIA CARRASCO,<br><br>    Defendant and Appellant. | G057911<br><br>(Super. Ct. No. 09CF0090)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Reversed and remanded.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General, as Amicus Curiae on behalf of Defendant and Appellant.

Todd Spitzer, District Attorney, and Seton B. Hunt, Deputy District Attorney, for Plaintiff and Respondent.

Leticia Carrasco appeals from a postjudgment order after the trial court denied her petition pursuant to Penal Code[1] section 1170.95, which the Legislature enacted in Senate Bill No. 1437 (S.B. 1437). Carrasco argues the trial court erred by concluding S.B. 1437 was unconstitutional because it impermissibly amended two voter initiatives. We agree and reverse the order.

## FACTS

In 2013, a jury convicted Carrasco of first degree murder (§ 187, subd. (a)), and second degree robbery (§§ 211, 212.5). The trial court sentenced Carrasco to 25 years to life. We affirmed the judgment but modified it to stay the sentence for the robbery conviction pursuant to section 654. (*People v. Carrasco* (Sept. 30, 2014, G048592) [nonpub. opn.].)

In 2019, Carrasco filed a section 1170.95 petition to vacate her murder conviction and be resentenced. The Orange County District Attorney filed an opposition and Carrasco filed a reply brief. The trial court denied the petition, concluding S.B. 1437 (Stats. 2018, ch. 1015, §§ 2-4), was unconstitutional because it impermissibly amended Propositions 7 and 115.

## DISCUSSION

"Legislation unconstitutionally amends an initiative statute if it changes that statute ""by adding or taking from it some particular provision."" [Citations.] Legislation may address the same subject matter as an initiative, and may even augment the provisions of an initiative, without amending it. The key to our analysis is determining "'whether [the legislation] prohibits what the initiative authorizes, or authorizes what the initiative prohibits."' [Citation.]" (*People v. Solis* (2020)

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

46 Cal.App.5th 762, 769 (*Solis*).)  Although our review is de novo, we presume the Legislature acted within its authority.  (*Id*. at p. 771.)

An actual killer may be convicted of murder.  (*People v. Cruz* (2020) 46 Cal.App.5th 740, 751 (*Cruz*).)  Additionally, an accomplice of the actual killer can be convicted of murder pursuant to vicarious liability theories, including the natural and probable consequences doctrine and the felony-murder rule.  (*Id*. at pp. 751-752.)  Under both theories, the accomplice's intent to kill is irrelevant.  (*Id*. at p. 752.)

In 1978, the electorate adopted Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)), which increased the penalties for first and second degree murder and strengthened California's death penalty law.  (*Solis, supra,* 46 Cal.App.5th at pp. 772-773.)  Twelve years later, in 1990, the electorate adopted Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)), which as relevant here, added five felonies to the list of felonies for the felony-murder rule and revised the scope of capital liability.  (*Solis, supra,* 46 Cal.App.5th at p. 773.)

In 2018, S.B. 1437 amended the natural and probable consequences doctrine and the felony-murder rule to ensure "'[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea.' [Citation.]" (*Cruz, supra,* 46 Cal.App.5th at p. 752.)  S.B. 1437 amended sections 188 and 189.  Specifically, section 188, subdivision (a)(3), now states that "to be convicted of murder, a principal in a crime shall act with malice aforethought[]" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  Section 189 now provides that a person can only be found guilty of murder if that person (1) was the actual killer, or (2) aided, abetted, or otherwise assisted the actual killer and had the intent to kill, or (3) was a major participant in an underlying felony and acted with reckless indifference to human life.  (§ 189, subd. (e).)

Additionally, S.B. 1437 added section 1170.95, which allows defendants previously convicted of murder under a natural and probable consequences or felony

3

murder theory to petition the trial court to vacate their murder convictions. Section 1170.95 also allows for resentencing if defendants could not be convicted of murder now based on the amendments to sections 188 and 189. The court reviews the petition and if it determines the petitioner made a prima facie showing he or she is entitled to relief, the court must issue an order to show cause. (§ 1170.95, subd. (c).) The court next holds a hearing to determine whether to vacate the petitioner's murder conviction and resentence the petitioner. (§ 1170.95, subd. (d)(1).) If the court determines the petitioner is entitled to relief, his or her murder conviction "shall be redesignated as the target offense or underlying felony for resentencing purposes." (§ 1170.95, subd. (e).)

Carrasco contends S.B. 1437 did not amend Propositions 7 and 115.[2] All published opinions addressing this issue have concluded that S.B. 1437 did not unconstitutionally amend either initiative. This includes two published opinions from this court (*Solis, supra,* 46 Cal.App.5th at p. 769; *Cruz, supra,* 46 Cal.App.5th at p. 747)[3] and many from our sister courts, including most recently *People v. Lopez* (2020) 51 Cal.App.5th 589, *People v. Alaybue* (2020) 51 Cal.App.5th 207, *People v. Johns* (2020) 50 Cal.App.5th 46, *People v. Prado* (2020) 49 Cal.App.5th 480, and *People v. Bucio* (2020) 48 Cal.App.5th 300. Previously, Division One of this court in *People v. Lamoureux* (2019) 42 Cal.App.5th 241, review denied February 19, 2020, S259835, and *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, review denied February

---

[2]        In his capacity as California's chief law officer (Cal. Const., art. V, § 13), the Attorney General agrees.

[3]        *Solis* and *Cruz* rejected the same claims the District Attorney makes here. Moreover, we deny the District Attorney's request for judicial notice of legislative materials, propositions, and statutes. Judicial notice is unnecessary because citation to the material is sufficient. (*Wittenburg v. Beachwalk Homeowners Assn.* (2013) 217 Cal.App.4th 654, 665, fn. 4.)

19, 2020, S259700, concluded S.B. 1437 did not invalidly amend Proposition 7 and/or Proposition 115. We find the reasoning in these cases persuasive and follow them here.

S.B. 1437 did not unconstitutionally amend Proposition 7 because S.B. 1437 concerned the *elements* of murder and Proposition 7 was concerned with the *penalties* for murder. (*Solis, supra,* 46 Cal.App.5th at p. 779; *Cruz, supra,* 46 Cal.App.5th at pp. 747, 754, 757.) S.B. 1437 did not unconstitutionally amend Proposition 115 because S.B. 1437 did not augment or restrict the list of predicate felonies on which felony murder may be based, which was Proposition 115's subject matter. (*Solis, supra,* 46 Cal.App.5th at p. 781; *Cruz, supra,* 46 Cal.App.5th at p. 760.) Thus, the trial court erred by concluding S.B. 1437 was unconstitutional and denying Carrasco's petition on that basis only.

## DISPOSITION

The postjudgment order is reversed and the matter is remanded for further proceedings on the merits of Carrasco's petition. Carrasco's request we take judicial notice of the court dockets of cases cited in her briefing is granted. (Evid. Code, §§ 452, subd. (c) & (d), 459, subd. (a).)


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.

5